Jennifer R. Bergh SBN: 14480
The Law Offices of Michelle Ghidotti
8716 Spanish Ridge Ave., #115
Las Vegas, NV 89148
Tel: (949) 427-2010
Fax: (949) 427-2732
Email: Jbergh@ghidottilaw.com

Attorneys for Creditor
HMC Assets, LLC Solely in its Capacity as Separate Trustee of CAM XIVA Trust, its successors and assigns

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| In re: | ) | Case No. 18-50897 |
|---|---|---|
| Steven M. Waldren | ) ) ) | Chapter 13 |
| Debtor. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | OBJECTION TO CONFIRMATION OF DEBTOR'S AMENDED PLAN<br><br>Plan Confirmation Hearing<br>DATE: November 1, 2018<br>TIME: 3:00 PM<br>PLACE: 300 Booth Street, 5th Floor, Reno NV<br><br><br>Property: 480 Haybale Dr., Sparks, NV 89441<br><br><br><br><br><br>Honorable BRUCE T. BEESLEY |

TO THE HONORABLE BRUCE T. BEESLEY, UNITED STATES BANKRUPTCY JUDGE,

THE DEBTOR, HIS ATTORNEY OF RECORD AND THE CHAPTER 13 TRUSTEE,

WILLIAM A. VAN METER:

HMC Assets, LLC Solely in its Capacity as Separate Trustee of CAM XIVA Trust ("**Creditor**"), a secured creditor of STEVEN M. WALDREN (the "**Debtor**"), hereby objects to the confirmation of Debtor's Chapter 13 Plan (the "**Plan**") on the grounds that the Plan does not comply with the provisions of Chapter 13 of Title 11, United States Code, and with other applicable provisions of said Title 11.

This objecting Creditor holds a first position deed of trust on the Debtor's real property commonly described as 480 Haybale Dr., Sparks, NV 89441 (the "**Property**").

# I

# **STATEMENT OF FACTS**

1. On or about October 2, 2006, Debtor made, executed, and delivered a Note, in the principal amount of $383,577.00 to First National Bank of Nevada (the "**Note**").

2. The Note is secured by a Deed of Trust recorded on October 4, 2006 in the Official Records of Washoe County, Nevada, as Instrument No.: 3447030, which encumbers the Property (the "**Deed of Trust**").

3. Thereafter all beneficial interest in the Deed of Trust was assigned by Assignment of Deed of Trust to HMC Assets, LLC Solely in its Capacity as Separate Trustee of CAM XIVA Trust.

4. Creditor holds all rights, title, and interests in the Note and Deed of Trust.

5. As of the date Debtor filed his Petition, the arrears owed to Creditor for 85 missed Monthly mortgage payments, totaled no less than $204,213.26, which will be reflected on Creditor's timely filed Proof of Claim.

6. Debtor's Plan does not provide for cure of Creditor's pre-petition arrears in any amount.

7. Debtor's Plan provides for payment of the ongoing monthly post-petition mortgage payments to Creditor in the amount of $1,700.00.

8. Debtor's monthly principal and interest payment totals no less than $2,361.75.

Debtor's monthly escrow payment totals no less than $453.03 per month. Debtor's total payment totals no less than $2,814.78 per month.

9. In order to cure Creditor's arrears in the amount of $204,213.26, Debtor is required to tender 60 equal payments in the amount of approximately $3,403.55.

10. To provide for both Creditor's post-petition monthly mortgage payment and the cure of the arrears Debtor must tender no less than $6,218.33 per month.

11. Pursuant to Debtor's Schedules "I" and "J", Debtor's monthly gross income is $4,759.16 per month, and Debtor's monthly net income is $7.16.

12. Debtor's monthly net income is listed incorrectly, as Debtor lists a monthly mortgage payment to Creditor in the amount of $1,700.00 on Debtor's Schedule "J". As indicated above, the total post-petition monthly mortgage payment totals no less than $2,814.78. Therefore, Debtor's net income is actually ($1,107.62).

13. Debtor does not have sufficient income to reorganize Creditor's debt.

14. Debtor's plan relies on a Loan Modification and Debtor indicates he is in the process of a Loan Modification.

15. Debtor was already reviewed for a Loan Modification in May of 2018 and Debtor was denied. A true and correct copy of the Denial Letter is attached hereto as **Exhibit "A"**.

16. Debtor was denied for a Loan Modification in connection to the Foreclosure Mediation process, which was completed in May of 2018.

17. Debtor is not eligible for an additional Loan Modification as there has been no material change to Debtor's financial circumstances since May of 2018. Debtor has had the same employment for 34 years pursuant to Debtor's Schedule "J".

18. Debtor's income has not changed since Debtor's last Loan Modification review.

19. Even if Debtor were eligible for an additional Loan Modification review, Debtor would likely be denied if there have been no material changes to Debtor's circumstances.

20. Debtor filed this petition in bad faith on the day of foreclosure in an effort to prevent Creditor's Foreclosure.

///

## II

## ARGUMENT

Application of the provisions of *11 United States Code Section 1325* determines when a Plan shall be confirmed by the Court. Based on the foregoing, as more fully detailed below, the Plan cannot be confirmed as proposed.

### A. IMPERMISSIBLY MODIFIES CREDITOR'S RIGHTS
   11 U.S.C. §1322(b)(2)

The Plan modifies the rights of a creditor whose claim is secured only by a security interest in real property that is Debtor's principal residence in violation of 11 U.S.C. §1322(b)(2) by: (1) not providing for cure of Creditor's arrears. The Debtor's Plan does not provide for Creditor's arrears in any way. The Debtor must provide for the cure of Creditor's arrears in sixty (60) equal monthly payments.

### B. PROMPT CURE OF PRE-PETITION ARREARS
   11 U.S.C. §1322 (d)

The pre-petition arrears owed to Creditor are no less than $204,213.26. In order to cure the Creditor's pre-petition arrears in sixty (60) months as proposed, Debtors' monthly plan payment to Creditor must total no less than $3,403.55. Debtor cannot afford to cure Creditor's arrears. Debtor's plan further fails to provide for all arrears owed to Creditor as the arrears are understated significantly. Debtor does not propose to cure the arrears and instead impermissibly relies on a Loan Modification. Debtor must promptly cure Creditor's arrears, but cannot.

### C. DEBTOR'S PETITION WAS FILED IN BAD FAITH:

11 U.S.C. Section 1325(a)(3) is a mandatory provision, and provides that the court shall only confirm a plan that was proposed in good faith. Bad faith within the Chapter 13 context is measured by the totality of circumstances. In re Leavitt, 171 F.3d 1219, 1224 (9th Cir.1999); see also In re Eisen, 14 F.3d 469, 470 (9th Cir. 1994). The absence of sufficient income to fund

a feasible plan strongly suggests bad faith.  <u>In re Kollar</u>, 356 B.R. 657 (Bankr. M.D. Fla. 2006); In re Nealen, 407 B.R. 194,201 (Bankr. W.D. Penn. 2009).  Additionally, If "it smells like bad faith, it's got to be bad faith."  *See* <u>In re Better Care, Ltd.</u> (Bankr. N.D. Ill. 1989) 97 BR 405, 409.  If "it smells like bad faith, it's got to be bad faith."  *See* <u>In re Better Care</u>, Ltd. (Bankr. N.D. Ill. 1989) 97 BR 405, 409.

For a plan to be confirmable, it must be proposed in good faith.  11 U.S.C. §1129(a)(4).  To determine whether a bankruptcy case has been filed in bad faith, the standards are the same whether the case is a Chapter 7, Chapter 11, or Chapter 13.  In re Mitchell, 357 B.R. 142, 153-154.  Those standards are:

"(1) whether the debtor has a likelihood of sufficient future income to fund a Chapter 11, 12, or 13 plan which would pay a substantial portion of the unsecured claims; (2) whether the debtor's petition was filed as a consequence of illness, disability, unemployment, or some other calamity; (3) whether the schedules suggest the debtor obtained cash advancements and consumer goods on credit exceeding his or her ability to repay them; (4) whether the debtor's proposed family budget is excessive or extravagant; (5) whether the debtor's statement of income and expenses is misrepresentative of the debtor's financial condition; (6) whether the debtor has engaged in eve-of-bankruptcy purchases; (7) whether the debtor has a history of bankruptcy petition filings and case dismissals; (8) whether the debtor intended to invoke the automatic stay for improper purposes, such as for the sole objective of defeating state court litigation; and (9) whether egregious behavior is present.  See Price, 353 F.3d at 1139-1140; Leavitt, 171 F.3d at 1224; Marshall, 298 B.R. at 681.

Debtor filed the instant petition on the eve of foreclosure in an effort to prohibit Creditor from proceeding with a non-judicial foreclosure.  Debtor does not have sufficient income to reorganize through a Chapter 13.   Debtor has a negative net income in the amount of ($1,107.62).  Debtor does not qualify for Chapter 13 reorganization because he does not have the income required to reorganize.  Debtor has regular employment income, however his income is not sufficient to fund a feasible Chapter 13 Plan.

Furthermore, Debtor relies on a Loan Modification to confirm a Chapter 13 Plan. Debtor was reviewed for a Loan Modification in connection to the Home Means Nevada Foreclosure Mediation Program in May of 2018. Debtor was sent a denial letter on May 1, 2018, based on the following reasons:

a) Excessive arrears: current arrears of 65.86% of the outstanding principal balance greater than investor guidelines of 20%.

b) Excessive obligations: your back end debt to income ratio of 77.61% is outside investor guidelines.

c) Insufficient income: surplus income is ($1,137.79).

Debtor was issued a denial letter on May 1, 2018. Debtor did not appeal the denial letter within 30 days and in fact never appealed the denial of the Loan Modification.

Debtor does not indicate any changed circumstances between the Petition Date and May 1, 2018 that would warrant an additional Loan Modification review. Debtor has previously been denied and did not appeal the denial within 30 days. Furthermore, Debtor has not alleged that there have been a material change in the Debtor's financial circumstances. Furthermore, Debtor did not document that change and submit the documentation to Creditor. Debtor is not eligible for an additional Loan Modification review. If Creditor does agree to review Debtor again, Debtor will likely be denied as Debtor's circumstances have not changed.

Debtor wrongfully and in bad faith presents to the Court a plan for approval that is not feasible and will not be confirmed. Debtor cannot afford to cure the arrears without a Loan Modification and thus in bad faith filed the Instant Petition relying on a plan that is not feasible. Debtor has filed the Plan merely to delay Creditor and the delay is prejudicial to Creditor.

Furthermore, the balance owed to Creditor continues to grow as Debtor continues to delay Creditor.

### D. **DEBTOR CANNOT CONFIRM A FEASIBLE PLAN**

Debtor's monthly net income is listed incorrectly, as Debtor lists a monthly mortgage payment to Creditor in the amount of $1,700.00 on Debtor's Schedule "J". As indicated above, the total post-petition monthly mortgage payment totals no less than $2,814.78. Therefore, Debtor's net income is actually ($1,107.62). The pre-petition arrears owed to Creditor are no less than $204,213.26. In order to cure the Creditor's pre-petition arrears in sixty (60) months as proposed, Debtor's monthly plan payment to Creditor must total no less than $3,403.55 for the arrears only. Debtor must also provide the full post-petition monthly mortgage payment. Therefore, Debtor's monthly Net Income will not support a Plan that provides for Creditor.

WHEREFORE, Creditor objects to confirmation of the Plan and requests as follows:

a. The Plan be denied confirmation and the case be dismissed.

DATED: September 11, 2018              THE LAW OFFICES OF MICHELLE GHIDOTTI

By: /s/ Jennifer R. Bergh, Esq.
    Jennifer R. Bergh, Esq.
    HMC Assets, LLC Solely in its Capacity as
    Separate Trustee of CAM XIVA Trust

# EXHIBIT "A"



1425 Greenway Dr
Suite 400
Irving, TX 75038
Toll Free 866-581-4514
Fax 800-878-4645
www.bsifinancial.com

May 1, 2018

STEVEN M WALDREN
480 HAYBALE DR
SPARKS, NV. 89441

RE: Mortgage Loan #:  REDACTED

Dear STEVEN M WALDREN:

Based on the foreclosure prevention alternative application you submitted, we have determined that you do not meet the guidelines for a loan modification.  The application is denied for the following reason(s):

Your calculated income is $5,291.67.

>   **Excessive Arrears. Current arrears 65.86 is greater than investor guidelines of 20%.**
>
>   **Excessive Obligation Your BE DTI% of 77.61% is outside investor guidelines.**
>
>   **Insufficient Income. Your surplus income is -$1,137.39**

You have 30 days to appeal this determination and provide evidence that this determination was in error.  If you want to appeal the determination, please submit your written appeal with your evidence of the alleged error to BSI Financial Services at 314 S. Franklin St. 2nd Floor PO Box 517 Titusville PA 16354.

In the event you find it necessary to contact your creditor, you may write to [HMC ASSETS LLC, SOLELY IN ITS CAPACITYSEPARATE TRUSTEE OF CAM XIVA TRUST] at the following address:


BSI Financial
1425 Greenway Drive
Suite 400
Irving, TX 75038

If you have any questions, please contact BSI toll-free at 1-«DH31ST_CONTACT_PHONE», Monday through Friday 8:00 a.m. - 11:00 p.m. (ET) and Saturday 8:00 a.m. - 12:00 p.m. (ET).

**Licensed as Servis One, Inc. dba BSI Financial Services.**
BSI Financial Services NMLS # 38078.  Customer Care Hours: Mon. - Fri. 8:00 am to 11:00 pm (ET) and Sat. 8:00 am to 12:00 pm (ET).
If you have filed a bankruptcy petition and there is an "automatic stay" in effect in your bankruptcy case or you have received a discharge of your personal liability for the obligation identified in this letter, we may not and do not intend to pursue collection of that obligation from you personally. If either of these circumstances apply, this notice is not and should not be construed to be a demand for payment from you personally.  Unless the Bankruptcy Court has ordered otherwise, please also note that despite any such bankruptcy filing, whatever rights we hold in the property that secures the obligation remain unimpaired.



1425 Greenway Dr  
Suite 400  
Irving, TX 75038  
Toll Free 866-581-4514  
Fax 800-878-4645  
www.bsifinancial.com

Sincerely,

ERIC GREEN  
Loss Mitigation Specialist  
BSI Financial Services  
NMLS # 38078; #126672

This is an attempt to collect a debt. Any information obtained will be used for that purpose.

**If an attorney represents you, please refer this letter to your attorney and provide us with the attorney's name, address and telephone number**.

Notice: The federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is the Federal Trade Commission, Equal Credit Opportunity, Washington, DC 20580.

T05_T19-10072015

**Licensed as Servis One, Inc. dba BSI Financial Services**.  
BSI Financial Services NMLS # 38078.  Customer Care Hours: Mon. - Fri. 8:00 am to 11:00 pm (ET) and Sat. 8:00 am to 12:00 pm (ET).  
If you have filed a bankruptcy petition and there is an "automatic stay" in effect in your bankruptcy case or you have received a discharge of your personal liability for the obligation identified in this letter, we may not and do not intend to pursue collection of that obligation from you personally. If either of these circumstances apply, this notice is not and should not be construed to be a demand for payment from you personally.  Unless the Bankruptcy Court has ordered otherwise, please also note that despite any such bankruptcy filing, whatever rights we hold in the property that secures the obligation remain unimpaired.

Jennifer R. Bergh, Esq. (Bar No.: 14480)
LAW OFFICES OF MICHELLE GHIDOTTI
1920 Old Tustin Ave.
Santa Ana, CA  92705
Tel: (949) 427-2010 Ext. 1009
Fax: (949) 427-2732
jbergh@ghidottilaw.com

Attorneys for Creditor
HMC Assets, LLC Solely in its Capacity as Separate Trustee of CAM XIVA Trust, its successors and assigns

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA – RENO DIVISION

| | |
|---|---|
| In Re: | CASE NO.:  18-50897-btb |
| Steven M Waldren, | CHAPTER 13 |
| Debtors. | **CERTIFICATE OF SERVICE** |

## **CERTIFICATE OF SERVICE**

I am employed in the County of Orange, State of California.  I am over the age of eighteen and not a party to the within action.  My business address is: 1920 Old Tustin Ave., Santa Ana, CA 92705.

I am readily familiar with the business's practice for collection and processing of correspondence for mailing with the United States Postal Service; such correspondence would be deposited with the United States Postal Service the same day of deposit in the ordinary course of business.

On September 12, 2018 I served the following documents described as:

1
CERTIFICATE OF SERVICE

- **OBJECTION TO CONFIRMATION OF DEBTOR'S AMENDED PLAN**

on the interested parties in this action by placing a true and correct copy thereof in a sealed envelope addressed as follows:

(Via United States Mail)

| **Debtor** | **Chapter 13 Trustee** |
|---|---|
| STEVEN M. WALDREN | WILLIAM A. VAN METER |
| 480 HAY BALE DRIVE | POB 6630 |
| SPARKS, NV 89441 | RENO, NV 89513 |
| **Debtor's Counsel** | |
| KEVIN A. DARBY | |
| DARBY LAW PRACTICE, LTD. | |
| 4777 CAUGHLIN PKWY | |
| RENO, NV 89519 | |

_xx___(By First Class Mail) At my business address, I placed such envelope for deposit with the United States Postal Service by placing them for collection and mailing on that date following ordinary business practices.

_____Via Electronic Mail pursuant to the requirements of the Local Bankruptcy Rules of the Eastern District of California

__xx__(Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 12, 2018 at Santa Ana, California

/*s / Krystle Miller*
Krystle Miller

2
CERTIFICATE OF SERVICE