WILLIAM A. VAN METER, ESQ.
Nevada State Bar No. 2803                                            Electronically Filed on: October 11, 2018
P.O. Box 6630
Reno, Nevada 89513
Telephone: (775) 324-2500

Chapter 13 Trustee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re: | CASE NO. 18-50897-BTB<br>CHAPTER 13 |
| STEVEN M. WALDREN, | |
| Debtor. | **TRUSTEE'S OBJECTIONS TO CONFIRMATION OF *AMENDED* CHAPTER 13 PLAN** |
| | Hearing Date: 11-1-2018<br>and Time:        3:00 pm<br>(Time Required – 1 minute) |

The Trustee objects to confirmation of the Debtor(s) Chapter 13 Plan or any Amended Plan to the extent the proposed Plan contains provisions inconsistent with the provisions of 11 U.S.C. §1322 or to the extent the requirements of 11 U.S.C. §1325 have not been satisfied. In connection with plan confirmation, the Trustee requests that the court determine that the Debtor has complied with 11 U.S.C. § 521(a)(1) and, that the automatic dismissal provisions of 11 U.S.C. § 521(i) do not apply.

The Trustee raises the following additional confirmation issues that are checked below:

__X__  The Plan does not satisfy the best interest of creditors test. 11 U.S.C. §1325 (a)(4). The scheduled value of the Debtor's non-exempt assets is **$Unknown at this time**. The Trustee projects that holders of unsecured claims will receive distributions totaling approximately **$Unknown**.

__X__  The Debtor(s) projected Disposable Income during the applicable Commitment Period is not applied to make payments to unsecured claims in this case. 11 U.S.C. §§1325(b)(1)(B) & (b)(2). Based on the supporting documentation provided to the Trustee and the Trustee's review of the Debtor's form B22C and Schedules I and J, the Debtor(s) has miscalculated their Current Monthly Income as defined by 11 U.S.C. § 101(10A) and their disposable income as defined by 11 U.S.C. § 1325(b)(2).

__X__  The Plan does not provide for all scheduled administrative, secured and priority claims and/or the proposed Plan payments are not adequate to provide for full payment of all administrative, secured and priority claims. 11 U.S.C. §1322(a).
**Nationstar Mortgage Arrears $115.16**
**Washoe County Treasurer**

__X___        The Debtor(s) have not provided all requested tax returns or have failed to file all federal, state and/or local tax returns required by 11 U.S.C. § 1308.  11 U.S.C. § 1325(a)(9); Section 1228 of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (not codified in Title 11).
     **2017 Tax Returns**


__X__   Other. The Trustee requests the following additional documentation:
     **Valuation of Rental Property at 535 Bella Oaks Ct, Sparks**
     **Valuation of 200 Tribal Ct, Palomino Valley NV**
     **Status of Loan Mod(s); MMMP**


DATED:  October 11, 2018                      /S/ WILLIAM A. VAN METER
                                                                           William A. Van Meter, Trustee

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Bankr. P. 9014, 7004 and Fed. R. Civ. P. 4(g), I Candice Walker hereby swear under penalty of perjury that I am over the age of 18, not a party to the within action, and that on October 11, 2018, I Electronically Filed the attached **TRUSTEE'S OBJECTIONS TO CONFIRMATION OF *AMENDED* CHAPTER 13 PLAN** and that upon the filing of the document I anticipate that the Bankruptcy Court will thereafter generate a Notice of Electronic Filing and electronically transmit the document to:

Dated:  October 11, 2018

                                      /S/ Candice Walker
                                      Candice Walker

TRICIA M. DARBY, ESQ.
DARBY LAW PRACTICE, LTD.
4777 CAUGHLIN PARKWAY
RENO, NV 89519

STEVEN M. WALDREN              Served by First Class Mail
480 HAY BALE DRIVE
SPARKS, NV 89441

William A. Van Meter
Chapter 13 Trustee
P.O. Box 6630
Reno, NV 89513


STEVEN M. WALDREN
480 HAY BALE DRIVE
SPARKS, NV 89441