KEVIN A. DARBY, ESQ. (#7670)  *Electronically filed 10/18/2018*
TRICIA M. DARBY, ESQ. (#7956)
DARBY LAW PRACTICE, LTD.
4777 Caughlin Parkway
Reno, Nevada 89519
Telephone: (775) 322-1237
Facsimile: (775) 996-7290
E-mail: tricia@darbylawpractice.com

Attorney for Debtor

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

In re:

STEVEN M. WALDREN,

Debtor.
_____/

CASE NO.    BK-N-18-50897-BTB
Chapter 13

**OPPOSITION TO HMC ASSETS, LLC'S MOTION TO DISMISS**

Hearing Date: November 1, 2018
Hearing Time: 3:00 p.m.

STEVEN M. WALDREN ("Debtor"), by and through his attorney, DARBY LAW PRACTICE, LTD., hereby hereby opposes HMC Assets, LLC Solely in its Capacity as Separate Trustee of CAM XIVA Trust, its successors and assigns' (the "HMC Assets") Motion to Dismiss filed herein on September 25, 2018 (the "Motion"), based on the following points and authorities.

**POINTS AND AUTHORITIES**

1. On August 14, 2018, Debtor filed this Chapter 13 bankruptcy case.

2. Debtor agreed to retain his primary residence located at 480 Hay Bale Drive through his Chapter 13 bankruptcy (the "Hay Bale Property").

3. Prior to filing this Chapter 13 bankruptcy case, Debtor unsuccessfully went through the State of Nevada Mediation Program. Debtor's income has increased since the time he applied for the modification through the mediation program.

4. The goal of Debtor's Chapter 13 is to obtain a loan modification on the Hay Bale Property. Debtor desires to keep his home and has the financial ability to do so if given a reasonable modification.

5. On September 21, 2018, Debtor filed an Ex Parte Motion for Referral to Mortgage

Modification Mediation. On this same date, this Court entered an Order Granting Debtor's Ex Parte Motion for Referral to Mortgage Mediation.

6. Since this Debtor's case was referred to the Mortgage Modification Mediation Program, Debtor has been participating in the mediation program in good faith and the case is procegfing as required.

7. Section 1307(c) states that upon request of a party in interest a court "**may**" convert a Chapter 13 case to Chapter 7 or dismiss for cause. "The word 'may' is a permissive word, not a word of command." In re Green, 64 B.R. 530, 531 (9th Cir. BAP 1986); *Citing* In re Benediktsson, 34 B.R. 349, 350 (Banrk. D Wash. 1983). In deciding whether to dismiss a Chapter 13 case at the request of a creditor, the trial court's discretion is to be guided by the factors listed in Section 1307(c). Green, 64 B.R. at 531. However, "[t]hat one or more of these factors may exist does not require a trial court to dismiss." Id.

*8.* In the Ninth Circuit, bankruptcy courts make good faith determinations on a *case-by-case basis*, after considering the *totality of the circumstances*. In re Leavitt, 171 F.3d 1219, 1224 (9th Cir. 1999). In addition, a "court must make its good-faith determination in the light of **all** militating factors." In re Ho, 274 B.R. 867, 876 (9th Cir. BAP 2002); *citing* In re Goeb, 675 F.2d 1386, 1390 (9th Cir. 1982). In Leavitt I, the Ninth Circuit held that when considering dismissal of a Chapter 13 case due to alleged bad faith in its filing, a bankruptcy court should consider: (1) whether the debtor misrepresented facts in his petition or plan, unfairly manipulated the Code, or otherwise filed his petition or plan in an inequitable manner; (2) the debtor's history of filings and dismissals; (3) whether the debtor intended to defeat state court litigation; and (4) whether egregious behavior is present. Leavitt I, 171 F.3d at 1224.

### A. *Debtor's Bankruptcy Case Was Filed in Good Faith*

9. With regard to the first Leavitt I factor, Debtor did not misrepresent any facts in his petition or his plan. Mr. Waldren has been honest and forthcoming with this Court, his creditors and the Chapter 13 Trustee. There have been no allegations to the contrary. Further, Debtor has made no attempts to manipulate the Code. Rather, Debtor has sought only straightforward application of the Bankruptcy Code and case law to afford his relief. The primary reason for the filing of this case was to save his home from foreclosure. Debtor properly used the

provisions of 11 U.S.C. §362 to stay the foreclosure sale. Now, Debtor is participating the Chapter 13 Mortgage Modification Mediation Program. Even if a modification is not reached, Chapter 13 affords the Debtor an opportunity to cure mortgage arrears through his Chapter 13 plan. It cannot be reasonably disputed that such actions are in good faith and not an unfair or inequitable manipulation of the Bankruptcy Code.

10. The Debtor has no history of filing a bankruptcy case prior to the instant case. Thus, Debtor has never had a prior bankruptcy case dismissed.

11. This case was not filed to defeat state court litigation. There is no state court litigation pending against Debtor. Again, this case was filed to stop a foreclosure sale and to provide a mechanism for the Debtor to modify his home mortgage and pay all of his creditors in full. While Debtor acknowledges he went through the State Court mediation program, it was unsuccessful. Debtor truly desires to keep his home and has obtained am increase in pay at work, which he is hopeful will assist him in obtaining a modification.

12. This case was not filed in bad faith and an application of <u>Leavitt 1</u> factors supports this conclusion.

### B. *Dismissal Of This Case Is Not In The Best Interest Of Creditors Of This Estate.*

13. This Court's broad discretionary power under 11 U.S.C. §1307(c) includes the power to deny a request to dismiss where, as here, dismissal is not in the best interest of creditors.

14. It cannot be reasonably disputed that dismissal of this case would not be in the best interest of the creditors of this estate. A dismissal would result in HMC Assets, LLC being the only creditor paid upon foreclosure. Given these facts, dismissal of this case is not in the best interest of creditors.

Based on the foregoing, Debtor requests this Court deny HMC Assets' Motion to Dismiss.

DATED this 18th day of October 2018.

DARBY LAW PRACTICE, LTD.

By: */s/ Tricia M. Darby*  
_____  
TRICIA M. DARBY, ESQ.  
Attorney for Debtor